IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALEXANDER JENKINS | CV.05-631-PK |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MAX WILLIAMS, et. al., | |
| Defendants. | |

PAPAK, Magistrate Judge:

On May 4, 2005, *pro se* plaintiff Alexander Jenkins filed this action against seventeen medical and corrections personnel of the Oregon Department of Corrections ("ODOC"). On May 7, 2007, this court took under advisement defendants' motion for summary judgment (#71) as to all of Jenkins' claims, and on August 1, 2007, recommended that the motion be denied as to defendants Greg Lytle and Steve Shelton, and granted as to all other defendants. Subsequently, on August 13, 2007, all parties consented to magistrate jurisdiction, and this court's Findings and Recommendation (#96) was converted into an Opinion and Order (#100).

Now before the court is a motion for reconsideration (#99) filed by Drs. Lytle and

Page 1 - OPINION AND ORDER

Shelton, requesting that they also be granted summary judgment in this case. For the reasons set forth below, the motion for reconsideration is granted and defendants' motion for summary judgment (#71) is now granted as to Dr. Lytle, but denied as to Dr. Shelton.

## LEGAL STANDARD

An order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-1049 (9th Cir. 2000). To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See*, *e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986).

Generally, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Oregon v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## ANALYSIS

On reconsideration, this court has determined that the alleged delay and/or inadequacy of the treatment provided to Jenkins while in ODOC custody, interpreting all of the evidence in the record in Jenkins' favor, cannot be attributed to the personal involvement of Dr. Lytle. Dr. Lytle conducted a medical examination of Jenkins on October 27, 2004, and on the basis of that examination recommended an orthopedic consultation which resulted, within five months, in

Jenkins receiving allegedly necessary surgical treatment. Thus, Dr. Lytle cannot have taken or withheld action that caused Jenkins' alleged deprivation of rights.

By contrast, as noted in this court's order dated August 1, 2007, Dr. Shelton was personally involved in the December 5, 2002, denial of Jenkins' request for an MRI scan to confirm that surgery would be required in connection with his medical condition. Specifically, Dr. Shelton sat on the five-member Therapeutic Level of Care Committee at the time it made its decision. This decision was made despite the diagnoses of Dr. Albright on June 11, 2002, and Dr. Engstrom on October 9, 2002, that Jenkins had a medial meniscus tear, and that he was in need of a confirming MRI and arthroscopic surgery. Interpreting the evidence in the record in the light most favorable to Jenkins, the decision not to order an MRI caused the delay in Jenkins' treatment, and Dr. Shelton was personally involved in that decision.

Furthermore,

> [A] case involving nonconduct may, and this one does, present far more difficult questions than the case of an easily recognizable, affirmative act.... [T]he ultimate question is the state of mind of the defendant. When a supervisory official is placed on actual notice of a prisoner's need for physical protection or medical care, administrative negligence can rise to the level of deliberate indifference to or reckless disregard for that prisoner's safety.

*Layne v. Vincent,* 657 F.2d 468, 471 (1st Cir. 1981). Here there is a jury question whether Dr. Shelton's nonconduct in the face of clear evidence of Jenkins' injury and discomfort rises to the level of a constitutional violation.

Moreover, Dr. Shelton's argument is unavailing that failure to order an MRI scan – a diagnostic imaging tool – cannot constitute failure to provide necessary treatment. If an MRI was required to determine whether surgery would be necessary to treat Jenkins' symptoms, the

Page 3 - OPINION AND ORDER

decision not to perform the requisite diagnostic procedure can provide the basis for a deliberate indifference claim.

Finally, Dr. Shelton's argument is unpersuasive that summary judgment is appropriate because Jenkins has failed to rebut with medical expert testimony defendants' assertions that the treatment he received was adequate. The evidence in the record does not suggest that this is a case of differing, but reasonable, medical opinions. Defendants' evidence fails to suggest that any reasonable physician would have recommended against arthroscopic surgery in light of the results of the December 21, 2004, MRI scan. At this stage of proceedings, it is not Jenkins' burden to establish that his surgery was actually medically necessary at the time of the December 5, 2002, denial of his request for diagnostic imaging, but rather merely to show the existence of a material fact on that issue. Upon reconsideration of the evidence in the record, this court concludes that Jenkins has met that burden.

## CONCLUSION

For the reasons set forth above, the motion for reconsideration (#99) filed by Drs. Lytle and Shelton is granted in part and denied in part, as follows: defendants' motion for summary

///

///

///

///

///

///

Page 4 - OPINION AND ORDER

judgment (#71) is denied as to Jenkins' first claim for relief against Dr. Shelton, and granted in all other respects, including as to Jenkins' first claim for relief against Dr. Lytle.

Dated this 22nd day of August, 2007.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge