IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALEXANDER JENKINS | CV.05-631-PK |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| BRIDGETT WHELAN, R.N., et. al.., | |
| Defendants. | |

PAPAK, Magistrate Judge:

Before the court is defendant Steve Shelton, M.D.'s Cost Bill. Dr. Shelton seeks to recover $5,700 in fees for the testimony of expert witness Dr. Thad Stanford. Dr. Shelton does not seek to recover any other costs. Plaintiff Alexander Jenkins has not filed an objection to the Cost Bill.

Dr. Shelton seeks fees under two theories: (1) 28 U.S.C. § 1920 and (2) Fed. R. Civ. P. 68. Neither statute provides a basis for taxing Jenkins $5,700 in costs.

**I.    28 U.S.C. § 1920**

"Costs are generally awarded to the prevailing party as a matter of course in civil cases, unless the court otherwise directs." *In re Melridge, Inc. Securities Litigation*, 154 F.R.D. 260,

Page 1 - OPINION AND ORDER

261 (D. Or. 1994), *citing* Fed. R. Civ. P. 54(d). 28 U.S.C. § 1920 sets forth the costs to be awarded:

> A judge or clerk of any court of the United States may tax as costs the following:
> 
> (1) Fees of the clerk and marshal;
> 
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> 
> (3) Fees and disbursements for printing and witnesses;
> 
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> 
> (5) Docket fees under section 1923 of this title;
> 
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> 
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Costs for expert witnesses, who are not court appointed, are taxable only to the extent allowed for other fact witnesses in 28 U.S.C. 1821. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442-43 (1987). Pursuant to § 1821(b), Jenkins may be taxed $40 per day for each day of Dr. Standford's attendance:

> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

Pursuant to § 1821(c)(2), Jenkins may also be taxed for Dr. Stanford's mileage traveling to and from the courthouse:

Page 2 - OPINION AND ORDER

> A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

For Dr. Stanford's two days attendance and two round trips from Salem to the courthouse in Portland[1] Jenkins will be taxed a total of $169.24.

**II.     Rule 68 – Offer of Judgment**

On September 21, 2007, Dr. Shelton made an offer of judgment for the amount of $2,500. Dr. Shelton claims that Jenkins rejected the offer via telephone.

Dr. Shelton is not entitled to recover fees pursuant to Rule 68 because Rule 68 is inapplicable in a case in which the defendant obtains judgment. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999).

---

[1] The current GSA mileage rate for privately owned vehicles is $0.485 per mile.

Page 3 - OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, costs are taxed against Plaintiff Alexander Jenkins in the amount of $169.24.

Dated this 8th day of January, 2008.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 4 - OPINION AND ORDER